**MEMO ENDORSED**

# CONNELL FOLEY LLP
## ATTORNEYS AT LAW

85 LIVINGSTON AVENUE
ROSELAND, N.J. 07068-3702
(973) 535-0500
FAX: (973) 535-9217

JERSEY CITY OFFICE
HARBORSIDE FINANCIAL CENTER
2510 PLAZA FIVE
JERSEY CITY, N.J. 07311-4029
(201) 521-1000
FAX: (201) 521-0100

NEW YORK OFFICE
888 SEVENTH AVENUE
NEW YORK, N.Y. 10106
(212) 262-2390
FAX: (212) 262-0050

PHILADELPHIA OFFICE
1500 MARKET STREET
PHILADELPHIA, PA 19102
(215) 246-3403
FAX: (215) 665-5727

JOHN A. PINDAR (1969)
GEORGE W. CONNELL (2005)
ADRIAN M. FOLEY, JR.
GEORGE J. KENNY*
KENNETH F. KUNZMAN
SAMUEL D. LORD
RICHARD D. CATENACCI
RICHARD J. BADOLATO*
PETER D. MANAHAN
JOHN B. MURRAY
MARK L. FLEDER
KEVIN J. COAKLEY
WILLIAM H. GRAHAM⁺
THOMAS S. COSMA
KATHLEEN S. MURPHY
PATRICK J. MCAULEY
PETER J. PIZZI⁺
KEVIN R. GARDNER
ROBERT E. RYAN
MICHAEL X. MCBRIDE*
JEFFREY W. MORYAN
JOHN K. BENNETT
PETER J. SMITH*
BRIAN G. STELLER
PHILIP F. MCGOVERN, JR.
KAREN PAINTER RANDALL
LIZA M. WALSH
JOHN F. LACEY
TIMOTHY E. CORRISTON*
ERNEST W. SCHOELLKOPFF⁺
PATRICK J. HUGHES**
JAMES C. MCCANN*

JOHN D. CROMIE
ANGELA A. IUSO*
GLENN T. DYER
CLARENCE SMITH, JR.-
WILLIAM T. MCGLOIN*
BRENDAN JUDGE
DAREN S. MCNALLY*
STEPHEN V. FALANGA*
JEFFREY L. O'HARA
TRICIA O'REILLY*
ANTHONY F. VITIELLO*
MARC D. HAEFNER
JONATHAN P. MCHENRY
JAMES P. RHATICAN⁺
MATTHEW W. BAUER*
JOSEPH C. DEBLASIO
BRAD D. SHALIT*

COUNSEL
JOHN W. BISSELL
JOHN B. LA VECCHIA
VIRGINIA M. EDWARDS*
FRANCIS E. SCHILLER-
EUGENE R. SQUEO*
BERNARD M. HARTNETT, JR.*
NOEL D. HUMPHREYS*
ANTHONY ROMANO II*
CHARLES J. HARRINGTON III⁺
STEVE BARNETT*
KARIN I. SPALDING*
JODI ANNE HUDSON*
CORNELIUS J. O'REILLY*
RICHARD A. JAGEN
NANCY A. SKIDMORE*
THOMAS M. SCUDERI*

ELIZABETH M. TRANTINA*
M. TREVOR LYONS*
CRAIG S. DEMARESKI*
ELIZABETH W. EATON
JOSEPH M. MURPHY
W. NEVINS MCCANN*
JASON E. MARX*
THOMAS J. O'LEARY*
MITCHELL W. TARASCHI
MICHAEL A. SHADIACK
OWEN C. MCCARTHY
PATRICIA A. LEE⁺
DOUGLAS J. SHORT*
ANTONIO CELIY*
JAMES M. MERENDINO
MICHELE T. TANTALLA*
AGNES ANTONIAN*
BRYAN P. COUCH*
GREGORY E. PETERSON
HECTOR D. RUIZ*
NEIL V. MODY*
ROBERT A. VERDIBELLO*
MICHAEL J. ACKERMAN*
MELISSA A. ZAWADZKI*
MEGHAN C. GOODWIN*
MATTHEW S. SCHULTZ*
JENNIFER C. CRITCHLEY*
PATRICK S. BRANNIGAN*

MATTHEW I. GENNARO
DANIELA R. D'AMICO*
DANJA M. BILLINGS*
RONAK R. CHOKSHI⁺
CHRISTINE I. GANNON*
JOSE VILARINO
PHILIP W. ALLOGRAMENTO, III*
CATHERINE G. BRYAN⁺
JAMES C. HAYNIE*
LAURIE B. KACHONICK*
MEGAN M. ROBERTS*
ANDREW C. SAYLES*
SARAH B. BLUMBERG⁺
STEPHEN D. KESSLER
ADAM M. LUSTBERG*
CHRISTOPHER ABATEMARCO*
AARON M. BENDER
WILLIAM D. DEVEAU*
ILONA KORZHA*
CONOR F. MURPHY
MEGHAN B. BARRETT*
MELISSA ASTUDILLO*
AMY TODD*
NICOLE B. DORY*
PATRICK E. DURING
CHRISTIAN J. JENSEN
JOSEPH A. VILLANI, JR.
LEE B. WILSON

*ALSO ADMITTED IN NEW YORK
⁺ALSO ADMITTED IN PENNSYLVANIA
-ONLY ADMITTED IN NEW YORK

WRITER'S DIRECT DIAL

January 11, 2008

**USDS SDNY**
PLEASE REPLY TO ROSELAND, N.J.
**DOCUMENT**
**ELECTRONICALLY FILED**
DOC #: _____
DATE FILED: 1/16/08

### VIA FACSIMILE (212-805-6382) ONLY

The Honorable Victor Marrero, U.S.D.J.
United States District Court
Southern District of New York - U.S. Courthouse
500 Pearl Street, Room 660
New York, New York 10007-1312

    Re:    **Days Inn Worldwide, Inc. v. JBS Inc., II, Jonathan B. Smith and Marci Singleton Smith**
           **Index No. 08-CV-0027 (VM)**

Dear Judge Marrero:

    We represent plaintiff, Days Inns Worldwide, Inc., formerly known as Days Inns of America, Inc., ("DIW"), in connection with the above-referenced matter. Pursuant to Your Honor's January 9, 2008 Order, we submit this letter to show cause why this matter should not be transferred to the District of South Carolina pursuant to 28 U.S.C. § 1404 (a) (Change of Venue).

    By way of background, the Complaint was filed on January 3, 2008. On January 7, 2008, we received stamped "filed" copies back from the Court, along with issued Summonses to be

1907765-01

January 11, 2008
Page 2

served on the three defendants herein. We forwarded the documents to our process server to effectuate service upon defendants. We have given a copy of Your Honor's January 9, 2008 Order to our process server to be delivered along with the pleadings. Since defendants have not yet been served to our knowledge, it is unknown whether defendants will be able to comply with the January 15, 2008 submission date as set forth in the January 9, 2008 Order. We are not aware of any legal counsel for defendants, and our previous attempts to contact the defendants via regular and certified mail prior to initiating suit were unsuccessful.

Addressing the Court's substantive concerns, DIW posits that this matter is properly venued in the Southern District of New York and should not be transferred to the District of South Carolina. Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." An application to transfer venue under this provision requires the court to weigh a number of case specific factors, which fall under the headings of convenience of forum and the interests of justice including the public interest. Stewart Organization Inc. v. Ricoh Corp., 487 U.S. 22, 29-31, 108 S.Ct. 2239, 2243-44 (1988). Notably, "[t]he presence of a forum-selection clause...will be a significant factor that figures centrally in the district court's calculus." Weiss v. Columbia Pictures Television, Inc., 801 F. Supp. 1276, 1278 (S.D.N.Y. 1992).

In Weiss, the District Court considered a forum selection clause contained in an employment contract which provided that all legal proceedings arising from same were to be initiated in California only. Plaintiff had filed suit in the Southern District of New York and the defendants moved to transfer the matter to the Central District of California pursuant to 28 U.S.C. §1404(a) on the basis of the forum selection clause. Id. at 1277. Plaintiff opposed the motion arguing that the he should be excused from the application of the forum selection clause because of the inconvenience and expense he would incur in traveling to California and the availability of witnesses, many of whom were located in New York. Id. at 1279. The court, citing to the Second Circuit's strong policy of enforcing forum selection agreements, rejected these arguments and granted defendants' motion, concluding that plaintiff failed to establish any exceptional circumstances to justify nonenforcement of the clause. Id. at 1280.

The Weiss court stated:

> The Second Circuit has expressed a strong policy favoring the enforcement of forum selection clauses: 'Contractual forum-selection clauses will be enforced unless it clearly can be shown that enforcement 'would be unreasonable and unjust, or that the clause is otherwise invalid for such reasons as fraud or overreaching.''

Id. at 1278 (quoting Bense v. Interstate Battery Sys. of Am., 683 F.2d 718, 721-22 (2d Cir. 1982) (quoting The Bremen v. Zapata Offshore Co., 407 U.S. 1, 15, 92 S.Ct. 1907, 1916 (1972))).

1907765-01

January 11, 2008
Page 3

As noted in the Complaint, the January 5, 1993 License Agreement between the parties which is attached to the complaint contains a forum selection clause in which defendant JBS II, Inc. ("JBS") consented "to the non-exclusive personal jurisdiction of the courts of the State of New York and the United States District Court for the Southern District of New York and further *waives objection to venue in any such court.*" See Compliant, Ex. A. §26(f). The individual defendants, Jonathan B. Smith and Marci Singleton Smith (the "Smiths"), executed a Guaranty, also attached to the complaint, pursuant to which they consented to "the non-exclusive personal jurisdiction of the courts of the State of New York and the United States District Court for the Southern District of New York and further *waives objection to venue in any such court.*" See Complaint, Ex. A, p. 26.

There is no suggestion, let alone any evidence at present to conclude that the instant forum selection clause is the product of fraud or overreaching. Instead, it is a valid and enforceable clause which demonstrates the parties' intent to utilize the Southern District of New York as the forum for the instant litigation. According to Weiss, "once a mandatory choice of forum clause is deemed valid, the burden shifts to the [movant] to demonstrate exceptional facts explaining why he should be relieved from his contractual duty." Id. at 1278-79.

While the Smiths and JBS are located in South Carolina, there is no reason they cannot come to New York to litigate the case pursuant to a valid and enforceable forum selection clause. "Mere inconvenience and expense of traveling are not, standing alone, adequate reasons to disturb the parties' contractual choice of forum." Id. at 1279 (citing Bense v. Interstate Battery Sys. of Am., supra, 683 F.2d at 720; First Interstate Leasing Service v. Sagge, 697 F. Supp. 744, 747 (S.D.N.Y. 1988)).

Moreover, DIW is located in nearby Parsippany, New Jersey where it maintains its headquarters and where the persons involved in this matter who are potential witnesses are employed. In Weiss, the court found relevant the fact that the plaintiff, even though employed in New York, was supervised from California and that all documentation concerning plaintiff's employment was maintained in California. Id. at 1279-80. Similarly in the instant case, the defendants were supervised from DIW's New Jersey offices and all documents pertaining to this matter are maintained at DIW's headquarters in New Jersey. The Smiths are individually bound to the forum and must appear for deposition in New York. Even if this were not the case, there has been no demonstration that there are witnesses for any party located outside the subpoena power of this court whose testimony at trial is essential and cannot be presented by deposition testimony. See id. at 1279.

Accordingly, DIW respectfully requests that this matter remain venued in the Southern District of New York.

Respectfully submitted,

Matthew W. Bauer

BPC:MSS:lmv

1907765-01

A status conference herein is scheduled for 2-1-08 at 2:00 p.m. to address the matter described above by plaintiff.

SO ORDERED.

1-15-08
DATE    VICTOR MARRERO, U.S.D.J.

# FACSIMILE COVER SHEET

## CONNELL FOLEY LLP
**Attorneys at Law**
85 Livingston Avenue
Roseland, New Jersey 07068
(973) 535-0500

Date: January 11, 2008                                    Time: 11:45 AM

| MESSAGE TO: | | MESSAGE FROM: | |
|---|---|---|---|
| Name | The Honorable Victor Marrero, U.S.D.J. | Name | Matthew S. Schultz, Esq. |
| Company | US District Court, Southern District of NY | Company: | Connell Foley LLP |
| Fax No. | 212-805-6382 | Fax No. | (973) 535-9217 |
| Telephone No. | | Telephone No. | (973) 535-0500 |

**MESSAGE:**

Total Number of Pages (including this one): 4

DATE SENT:                                                TIME SENT:

OPERATOR:

CLIENT/MATTER: 074833

IF NOT RECEIVED PROPERLY, PLEASE NOTIFY:    Lisa
AT (973) 535-0500 EXTENSION              :    2240

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of the message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the U.S. Postal Service. Thank you.