```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
DAYS INNS WORLDWIDE, INC., a            :
Delaware Corporation, formerly          :
known as Days Inns of America,          :
Inc.,                                   :
                                        :
                    Plaintiff,          :
                                        :      08 CIV 0027(VM)
                                        :
        - against -                     :
                                        :      ORDER
JBS INC., II, a South Carolina          :
Corporation; JONATHAN B. SMITH,         :
an individual; and MARCI SINGLETON      :
SMITH, an individual,                   :
                                        :
                    Defendants.         :
----------------------------------------X
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-28-08

**VICTOR MARRERO, United States District Judge.**

In reviewing the complaint filed in this matter the Court noted that plaintiff Days Inns Worldwide, Inc. ("Days Inns") asserts that it is a Delaware corporation with its principal place of business in Parsippany, New Jersey; defendant JBS, Inc. ("JBS") is a South Carolina corporation with a principal place business in Myrtle Beach, South Carolina; defendants Jonathan B. Smith and Marci Singleton Smith (the "Smiths") are principals of JBS and citizens of South Carolina (collectively "Defendants"). The complaint indicates that the events that gave rise to the action occurred in connection with a License Agreement (the "Agreement") for the operation by JBS of a guest lodging facility located in Myrtle Beach, South Carolina, and a Guaranty by the Smiths of the obligations under the Agreement. Because it appeared that in whole or in major part the material events, documents, persons and potential witnesses related to this action are located in the

District of South Carolina, the Court directed Days Inn to show cause why this matter should not be transferred to the District of South Carolina pursuant to 28 U.S.C. § 1404(a). Days Inns objected to the transfer, citing a forum selection clause in the Agreement and the Guaranty to which Defendants had consented. Defendants filed a response asserting grounds in support of such transfer. Upon review of these circumstances, the Court finds that such transfer is warranted. Accordingly, it is hereby

**ORDERED** that the Clerk of Court is directed to transfer this case to the District of South Carolina pursuant to 28 U.S.C. § 1404(a); and it is further

**ORDERED** that defendants are directed to accept process through service on their counsel and to answer or otherwise move with respect to the complaint within twenty days of the entry of this order.

The Clerk of Court is directed to close this case.

**SO ORDERED.**

DATED:   NEW YORK, NEW YORK
         25 April 2008

　　　　　　　　　　　　　　　　　　Victor Marrero
　　　　　　　　　　　　　　　　　　U.S.D.J.